UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>EDWARD RED FEATHER,<br><br>               Defendant. | 5:16-CR-50022-JLV<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY (DOC. 22) |

**INTRODUCTION**

Defendant, Edward Red Feather, filed a motion to compel the government to turn over certain discovery. (Doc. 22). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Mr. Red Feather's motion to this magistrate judge for determination. (Doc 43).

**DISCUSSION**

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to "permit the defendant to inspect and to copy or photograph . . . papers, documents . . . or tangible objects . . . if the item is within the Government's possession, custody, or control and the item is material to preparing the defense."

A defendant who requests documents, believing them to be material to his defense, must "make a prima facie showing of materiality." United States v. Tornquist, No. CR 11-50118, 2012 WL 2862864, *3 (D.S.D. July 11, 2012)

1

(citations omitted). "Evidence is material if it enables a defendant to significantly alter the quantum of proof in his or her favor." Id. (citing United States v. Baker, 453 F.3d 419, 425 (7th Cir. 2006); United States v. Ross, 511 F.2d 757, 763 (5th Cir. 1975) (internal quotations omitted)). "Evidence is material under Rule 16 if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at 3 (citing United States v. Graham, 83 F.3d 1466, 1474 (D.D.C. 1996). The materiality standard is "not a heavy burden." Graham, 83 F.3d at 1474 (other citations omitted).

Here, Mr. Red Feather is requesting discovery as outlined as Items 1, 2, 3, and 4 in his motion to compel. (Doc. 22). A hearing on the motion was held on October 25, 2017, and the court entered oral rulings. Those ruling are memorialized herein.

**1. Any and all treatment records and/or other information the government has relevant to the alleged victim's alcohol and/or drug abuse issues.**

The United States must produce the records to court chambers regarding the victim's alcohol and drug treatment records for an *in camera* review on or before November 25, 2017, for the court's determination if any of the records are discoverable.

**2. An explanation or account of whether or not "lapel cam" footage exists from the night of the alleged incident, and if not, why it doesn't exist.**

The United States acknowledged that the "lapel cam" footage does not exist and explained that the officer did not have his camera activated. Given the information and explanation provided by the United States, the court denies this item as moot.

**3. "Rap sheets" or criminal histories, including tribal arrest and conviction history, for any and all government witnesses.**

The United States agreed that it will provide NCIC criminal histories for all government witnesses on the Friday preceding the pretrial conference hearing. Therefore, the court will deny this portion of the motion as moot.

Additionally, the United States agreed that any criminal history for law enforcement agents associated with this case would be discoverable under Giglio and the government would be required to disclose the same. However, the United States advised that no such criminal history exists. Accordingly, the court will deny this portion of the motion as moot.

Lastly, the defendant requests that the government provide tribal arrest and conviction history for all lay witnesses it intends to call. The United States resists the motion. The court finds that tribal arrest and conviction history as it pertains to the government's non-law enforcement witnesses are discoverable. The United States shall produce the tribal arrest and conviction

3

histories of said witnesses on the Friday preceding the pretrial conference hearing.

**4. Any and all handwritten notes taken by any government agents.**

The United States opposes the request arguing that neither an agent's field notes nor formal reports prepared from those notes are required to be disclosed, aside from a report of the substance of the defendant's oral statement to law enforcement. The United States advised that it has produced all of the type written reports and audio recordings of all interviews of Mr. Red Feather.

Rule 16 specifically protects "reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). The government satisfies its duty under the Jencks Act by providing the type-written summaries of interviews unless the handwritten notes depart materially from the typewritten reports in substance or the government acted in bad faith. United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004); United States v. Leisure, 844 F.2d 1347, 1360-61 (8th Cir. 1988). Nevertheless, the Eighth Circuit has also noted that the "better practice" is for agents to preserve their notes and have them ready to produce at trial, if necessary. Leisure, 844 F.2d at 1361 n.10.

Accordingly, the court ordered that the handwritten notes be provided to chambers for an *in camera* examination and comparison of such notes with the type-written investigative reports for a determination of whether there is a

material difference in the two as contemplated by Greatwalker and Leisure, and subject to production.

Immediately following the hearing, the United States delivered the handwritten notes to chambers. The court has conducted an *in camera* review of the handwritten notes and compared them with the typewritten reports. It is the finding of the court that the handwritten notes do not depart materially from the typewritten reports. Therefore, the defendant is not entitled to the production of the handwritten notes.

## CONCLUSION

Based on the foregoing law and analysis, it is hereby

ORDERED that the alcohol and drug treatment records be provided to chambers for an *in camera* review no later than November 25, 2017. It is further,

ORDERED that as to the lapel cam footage, the court denies the motion as moot. It is further,

ORDERED that as to the NCIC criminal histories, the court denies the motion as moot. As to the tribal arrest and conviction histories, the court grants the motion. It is further,

ORDERED that as to the handwritten notes, the court denies the motion.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service

of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

Dated November 2, 2017.

BY THE COURT:

_____
DANETA WOLLMANN
UNITED STATES MAGISTRATE JUDGE