UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EDWARD RED FEATHER,<br><br>　　　　　Defendant. | CR. 16-50022-JLV<br><br>ORDER |

**INTRODUCTION**

　　A grand jury returned an indictment alleging defendant Edward Red Feather committed sexual abuse. (Docket 1). Defendant filed a motion *in limine* to admit expert testimony. (Docket 18). Underlying the motion is a statement defendant allegedly made to law enforcement, and the motion raises the issues of (1) whether the statement was voluntary and (2) whether the testimony of defendant's proposed expert is admissible. Id. The court referred the motion to Magistrate Judge Daneta Wollmann. (Docket 43). After holding a hearing, the magistrate judge issued a report and recommendation finding defendant's statement was voluntary and his proposed expert's testimony would be admissible. (Docket 49).

　　Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Defendant filed objections to the report and recommendation. (Docket 50).

**FACTS**

Defendant objects to one specific aspect of the magistrate judge's factual findings. Id. at pp. 2-3. The court explains below its basis for rejecting defendant's sole factual objection. The court adopts the magistrate judge's findings of fact pursuant to 28 U.S.C. § 636(b)(1)(C).

The only factual objection defendant articulates is an objection to the report and recommendation's statement that law enforcement "responded to . . . a reported sexual assault." (Docket 50 at p. 2). When Bureau of Indian Affairs Special Agent Darrell Robinson ("SA Robinson" or "the agent") was asked at the evidentiary hearing how he became the investigator in this case, he stated, "I was called out on April of 2015 regarding a sexual assault in the Manderson housing area." (Docket 46 at p. 7). He testified that once he arrived to the location of the call, a tribal police officer briefed him on the situation, including the identities of the alleged victim and suspect. Id. This testimony establishes—if only in SA Robinson's perspective—he responded to a reported sexual assault. The court rejects defendant's objection.

**ANALYSIS**

The magistrate judge determined defendant's statement to law enforcement was voluntary. (Docket 49 at pp. 4-6). The report and

recommendation concluded defendant had sufficient cognitive functioning and law enforcement's actions did not overbear his will.  Id.  Defendant objects. (Docket 50 at pp. 4-5).  According to defendant, his low intelligent quotient ("IQ") and law enforcement's interview techniques rendered his statements involuntary.  Id.

To comport with the Fifth Amendment, defendant's statements must be voluntary.  See United States v. Williams, 720 F.3d 674, 690-91 (8th Cir. 2013).  "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination."  United States v. Boslau, 632 F.3d 422, 428-29 (8th Cir. 2011).  "A statement cannot be rendered involuntary by the incapacity of the defendant alone; there must be some coercive police activity."  United States v. Anaya, 715 F. Supp. 2d 916, 931-32 (D.S.D. 2010) (citing Colorado v. Connelly, 479 U.S. 157, 164, 167 (1986)).  In the United States Court of Appeals for the Eighth Circuit, officers may "elicit confessions through a variety of tactics, including claiming not to believe a suspect's explanations, making false promises, playing on a suspect's emotions, using his respect for his family against him, deceiving the suspect, conveying sympathy, and even using raised voices. . . . unless the overall impact of the interrogation caused the defendant's will to be overborne." United States v. Brave Heart, 397 F.3d 1035, 1041 (8th Cir. 2005) (internal quotation marks and citations omitted).  The court analyzes this issue based on "the totality of the circumstances," and the government "bears the burden of

3

persuasion and must prove by a preponderance of the evidence the voluntariness of the challenged statements." Williams, 720 F.3d at 691.

Based on the totality of circumstances, the government sufficiently proved defendant's statements were voluntary. The interview in this case was approximately 40 minutes. (Docket 49 at p. 3). Law enforcement told defendant "he was free to go at any time[,]" and he was not arrested after the interview. Id. at p. 2. Despite his lower than average IQ, defendant indicated he understood law enforcement's "questions during the interview."[1] Id. at p. 6; (Docket 46 at p. 46). Law enforcement did provide defendant with false information during the interview, but the Eighth Circuit permits that. See Brave Heart, 397 F.3d at 1041. In the Eighth Circuit, the situations where a suspect's statements are not voluntary are extremely narrow. See id. (listing the tactics law enforcement can employ without eliciting an involuntary confession). This is not one of those unique cases. Defendant's statements were voluntary. The court adopts the magistrate judge's report and recommendation on this issue and rejects defendant's objection.

---

[1] In arguing his statements were involuntary, defendant relies on a case where a confession was involuntary in part because it was elicited from a person who had trouble understanding law enforcement's questions and was intellectually disabled. (Docket 50 at pp. 4-5); see Livers v. Schenck, 700 F.3d 340, 352 (8th Cir. 2012). However, in this case, defendant indicated he understood the interview questions, and his own proposed expert testified his borderline intelligence is "not considered to be an intellectual disability[.]" (Docket 46 at p. 55).

4

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's objections (Docket 50) to the magistrate judge's report and recommendation are overruled.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Docket 49) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion *in limine* (Docket 18) is granted.

IT IS FURTHER ORDERED that a scheduling order will be entered.

Dated November 20, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE